IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYED HASAN ARZOO ZAIDI,

    Plaintiff,

  v.

THOMAS HORTON and CLEM BASON,

    Defendants.

No. C 13-01586 WHA

**ORDER RE REQUEST TO TRANSFER AND AMEND COMPLAINT AND VACATING HEARING**

*Pro se* plaintiff Syed Hasan Arzoo Zaidi commenced this action against defendants Thomas Horton and Clem Bason, chief executive officers of American Airlines, Inc. and Hotwire, Inc., respectively. The complaint alleges that flight delays and the lack of disability accommodations by American Airlines caused plaintiff's heart condition to flare up during his flight from New York to San Jose via Dallas. The captain made an emergency landing in Albuquerque due to the flare up. Plaintiff was rushed to an emergency room where his treatment allegedly resulted in a bill exceeding ten thousand dollars (Dkt. No. 1 at 3).

On May 24, Horton moved to dismiss based upon lack of personal jurisdiction under Rule 12(b)(2) and Bason moved to dismiss based upon improper venue and failure to state a claim. Plaintiff failed to timely respond to the motions. Accordingly, an order to show cause was issued requiring plaintiff to respond by June 20. No response was received, so a second order to show cause was issued on June 24. Instead of filing an opposition to defendants' motions to dismiss, plaintiff (1) requested leave to amend his complaint to substitute Hotwire

and American Airlines as defendants instead of their respective CEOs Clem Bason and Thomas Horton, and (2) requested that the action be transferred to the San Jose division given plaintiff's medical condition. For the following reasons, defendant Clem Bason's motion to dismiss is **GRANTED** and defendant Thomas Horton's motion to dismiss is **GRANTED**. Plaintiff's motion for leave to amend is **DENIED** and plaintiff's motion for intradistrict transfer is **HELD IN ABEYANCE** pending determination of whether this action will proceed at all.

With respect to Bason, plaintiff now states that he filed his complaint against defendant Bason in error and that he meant to name Hotwire (of which defendant Bason is CEO) as defendant. Even so, plaintiff is subject to the exclusive jurisdiction and venue clause of the agreement he signed with Hotwire. Before purchasing his ticket through Hotwire, plaintiff agreed to the following provision (Dkt. No. 12-2 at 9):

> The internal laws of the State of Delaware shall govern the performance of these Terms and Conditions, without regard to such state's conflicts of laws principles. You consent to the exclusive jurisdiction and venue of the courts located in Delaware, USA, for all disputes arising out of, or relating to, the Terms and Conditions and use of this Site.

Under federal law, forum-selection clauses are presumptively valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Both the Supreme Court and our court of appeals have construed the "unreasonable" exception narrowly. A forum-selection clause is unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which the suit is brought. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). Plaintiff has not and cannot demonstrate that the present forum-selection clause is invalid and therefore his claims against defendant Clem Bason as well as Hotwire are **DISMISSED WITHOUT PREJUDICE** to refile in the District Court for the District of Delaware if he so chooses.

As to defendant Horton, no forum-selection clause is asserted. Defendant Horton moves to dismiss based upon lack of personal jurisdiction under Rule 12(b)(2). This order agrees that

2

defendant Horton lacks the minimum contacts with California necessary to establish jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

After defendant Horton filed the present motion to dismiss, plaintiff filed a motion for leave to amend stating that he named CEO Thomas Horton in error; he intended to file suit against American Airlines (Dkt. No. 20).

Defendant Horton had to pay counsel to draft a motion to dismiss based upon lack of personal jurisdiction under Rule 12(b)(2). Given that plaintiff alone was responsible for the error, this order holds that plaintiff may amend his complaint *only on the condition* that he first pay the cost of preparing the present motion to dismiss. Defendant Horton must file a declaration stating the fees and costs associated with preparing the motion to dismiss by **JULY 15, 2013**. If plaintiff wishes to file an amended complaint naming American Airlines as defendant, he must do so by **JULY 22, 2013**, and he must append proof of payment to defendant Horton or show cause why he should not reimburse defendant for the attorney's fees. Meanwhile, all claims against Horton are **DISMISSED**.

With respect to the motion to transfer to the San Jose division, that motion will be **HELD IN ABEYANCE** pending determination of whether this action will proceed at all.

To avoid further unnecessary cost and travel, the hearing for July 11 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 9, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3