IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED HASAN ARZOO ZAIDI,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS HORTON, ET AL,<br><br>  Defendant.<br>                                                         / | No. C 13-01586 WHA<br><br>**SECOND ORDER RE REQUEST TO TRANSFER AND AMEND COMPLAINT** |

*Pro se* plaintiff Syed Hasan Arzoo Zaidi commenced this action against defendants Thomas Horton and Clem Bason, chief executive officers of American Airlines, Inc. and Hotwire, Inc., respectively. The complaint alleges that flight delays and the lack of disability accommodations by American Airlines caused plaintiff's heart condition to flare up during his flight from New York to San Jose via Dallas. After the plane made an emergency landing, plaintiff was rushed to an emergency room where his treatment allegedly resulted in a bill exceeding ten thousand dollars (Compl. ¶ 22).

On May 24, Horton moved to dismiss based upon lack of personal jurisdiction under Rule 12(b)(2) and Bason moved to dismiss based upon improper venue and failure to state a claim. Plaintiff failed to timely respond to the motions in violation of Local Rule 7-3. Accordingly, an order to show cause was issued requiring plaintiff to respond by June 20. No response was received, so a second order to show cause was issued on June 24. Instead of filing an opposition to defendants' motions to dismiss, plaintiff (1) requested leave to amend his

complaint to substitute Hotwire and American Airlines as defendants instead of their respective CEOs Clem Bason and Thomas Horton, and (2) requested that the action be transferred to the San Jose division given plaintiff's medical condition. On July 9, plaintiff's motion to amend his complaint was denied and motion for intradistrict transfer was held in abeyance until plaintiff paid defendant Horton the costs of preparing his motion to dismiss or showed why he should not reimburse Horton for the attorney's fees. Horton incurred $8,054.50 in attorney's fees in preparing his motion to dismiss (Chou Decl. ¶ 6). Plaintiff claimed that he was unable to reimburse Horton for the attorney's fees because of his limited sources of income and assets (Plaintiff First Supp. Br. at 1, Dkt. No. 30). Plaintiff was ordered on August 1 to provide additional facts under oath regarding his finances and inconsistencies in his complaint.

Plaintiff has submitted a response to the order providing information, and defendant has filed a response, contending that plaintiff's response is inconsistent and incomplete. This Court finds that plaintiff has failed to show why he should not reimburse Horton for his attorney's fees because plaintiff's responses to this Court's queries were inconsistent, incomplete, and unconvincing. Plaintiff is a medical doctor who claims to be unlicensed to practice medicine in the United States, but who has "render[ed] his services" in 2010 (Plaintiff Second Supp. Br. at 1, Dkt. No. 33). Plaintiff does not explain how he was able to provide medical services without a license to practice in the United States. Even if plaintiff was able to provide medical services without a license, plaintiff failed to explain if he has ever practiced medicine through an LLC, as required by the order. On August 19, 2013, plaintiff also claimed under oath that he transferred a car allegedly worth $250 to a third party on June 21, 2013 (*id.* Exh. 4). This contradicts plaintiff's previous statement that he owned a car worth $250 on July 22, 2013 (Plaintiff First Supp. Br. at 1, Dkt. No. 30). This contradiction raises obvious questions about when and why the transfer was made. Moreover, the alleged transfer of his sole asset was to a third party who shares his last name (Plaintiff Second Supp. Br. Exh. 4).

If plaintiff wishes to file an amended complaint naming American Airlines as defendant, he must do so by **AUGUST 30, 2013, AT NOON** and append proof of payment to defendant Horton. Plaintiff is hereby warned that failure to provide proof of payment to defendant Horton

will result in dismissal of the action with no leave to amend and judgment entered for defendants.

**IT IS SO ORDERED.**

Dated: August, 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3