1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    SYED HASAN ARZOO ZAIDI,                          No. C 13-01586 WHA

11              Plaintiff,

12        v.                                           **ORDER OF DISMISSAL**

13    THOMAS HORTON and CLEM BASON,

14              Defendants.

15    _____/

16        *Pro se* plaintiff Syed Hasan Arzoo Zaidi commenced this action against defendants

17    Thomas Horton and Clem Bason, chief executive officers of American Airlines, Inc. and

18    Hotwire, Inc., respectively.  The complaint alleges that plaintiff suffered over ten thousand

19    dollars worth of harm caused by flight delays and the lack of disability accommodations by

20    American Airlines (Compl. ¶ 22).

21        On May 24, Horton moved to dismiss based upon lack of personal jurisdiction under

22    Rule 12(b)(2) and Bason moved to dismiss based upon improper venue and failure to state a

23    claim.  Plaintiff failed to timely respond to the motions in violation of Local Rule 7-3.

24    Accordingly, an order to show cause was issued requiring plaintiff to respond by June 20.  No

25    response was received, so a second order to show cause was issued on June 24.  Instead of filing

26    an opposition to defendants' motions to dismiss, plaintiff (1) requested leave to amend his

27    complaint to substitute Hotwire and American Airlines as defendants instead of their respective

28    CEOs Clem Bason and Thomas Horton, and (2) requested that the action be transferred to the

      San Jose division given plaintiff's medical condition.  On July 9, plaintiff's motion to amend his

United States District Court
For the Northern District of California

complaint was denied and motion for intradistrict transfer was held in abeyance until plaintiff paid defendant Horton the costs of preparing his motion to dismiss or showed why he should not reimburse Horton for the attorney's fees.  Horton incurred $8,054.50 in attorney's fees to prepare his motion to dismiss (Chou Decl. ¶ 6).

Plaintiff claimed that he was unable to reimburse Horton for the attorney's fees because of his limited sources of income and assets (Plaintiff First Supp. Br. at 1, Dkt. No. 30).  Plaintiff was ordered on August 1 to provide additional facts under oath regarding his finances and inconsistencies in his complaint.  Plaintiff failed to show why he was unable to reimburse Horton for the attorney's fees because plaintiff's responses to this Court's queries were inconsistent, incomplete, and unconvincing.

Plaintiff was notified that if he wished to file an amended complaint, he must do so by August 30, 2013, and append proof of payment to defendant Horton.  Plaintiff was warned that failure to do either will result in dismissal of the action with no leave to amend and judgment entered for defendants.  August 30 has come and gone, and plaintiff has not yet filed an amended complaint or submitted proof of payment to defendant Horton.

For the reasons set forth above, all claims asserted by plaintiff are **DISMISSED WITHOUT LEAVE TO AMEND**.  Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated:  September 3, 2013.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE